## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel J. Palen,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing,<br><br>　　　　Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

COME NOW Plaintiff Daniel Palen, on behalf of himself and all others similarly situated, and for his Class Action Complaint against NewRez LLC d/b/a Shellpoint Mortgage Servicing states as follows:

## **INTRODUCTION**

1.　This action arises out of Defendant NewRez LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and Minn. Stat. § 58.13.

2.　This Class Action Complaint seeks, on behalf of the Plaintiff and all other consumers statewide similarly situated, declaratory judgment, injunctive relief, compensatory damages, and statutory damages against the Defendant for its routine practice of using false and misleading representations in an attempt to collect on stale mortgages by threatening foreclosure and otherwise misrepresenting the enforceability of mortgage liens in violation 15 U.S.C. §§

1

1692e, 1692e(2), 1692e(5) and 1692e(10) as well as 15 U.S.C. §§ 1692f, 1692f (1) and 1692f(6), and in violation of Minn. Stat. § 58.13.

## JURISDICTION

3. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. This Court may exercise supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 as they are so related that they form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiffs reside in this District, and the Defendant transacts substantial business in this District.

## PARTIES

6. Daniel J. Palen ("Plaintiff" or "Palen") is a natural person who resides in the city of Minneapolis, county of Hennepin, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is the mortgagor and owner of the subject property, with an address of 4129 31st Ave South, Minneapolis, MN 55406 and legally described as:

> Lot 23, Block 37 Palmer's Addition to Minneapolis, Hennepin County, Minnesota.

(the "Property" or "Home").

8. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") is registered in Minnesota as a Foreign Limited Liability Company. NewRez has a

registered agent of Corporation Service Company and a registered office address of 2780 Snelling Avenue N., Suite 101, Roseville, MN 55113.

9. NewRez is a residential mortgage servicer, as defined by Minn. Stat. §§ 58.02, subd. 20 and subd. 22, that engages in the activity of servicing a residential mortgage through any medium or mode of communication, the collection or remittance of which is based on the right or obligation to collect or remit to a lender a consumer's payments related to a residential mortgage loan.

10. NewRez is also a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and §1692f(6) as Plaintiff's loan was in default when servicing or ownership rights were transferred to NewRez.

## FACTUAL ALLEGATIONS AS TO PALEN

11. On or about March 3, 2006, Plaintiff and his former spouse executed and delivered a promissory note to Household Industrial Finance Company ("HIFC") in the principal amount of $21,000.00 (the "Note").

12. This Note was for a purported "line of credit."

13. To secure repayment of the indebtedness evidenced by the Note, Plaintiff simultaneously executed and delivered to HIFC a mortgage[1] dated March 3, 2006 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit A.

14. The Mortgage was created with a standard mortgage form.

---

[1] This was in fact a third mortgage by order of priority.

15. The Mortgage sets out that the amount of the mortgage is $21,000.00.

16. The Mortgage identifies the mortgagors, the property to be encumbered, and important terms of the mortgage loan, including dispensation for taxes, maintenance, insurance, condemnation, security interest, and subordination, and other important terms consistent with a security interest on real estate.

17. The Mortgage does not contain a maturity date and accordingly such date is not clearly stated in the Mortgage.

18. Minnesota's statute of limitations on mortgage foreclosures provides that the limitation period runs from the date of the mortgage unless the maturity date is "clearly stated in such mortgage":

> Subd. 1. Limitation. No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage…
>
> Subd. 2. When time begins to run; commencement of proceedings. The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage.

Minn. Stat. § 541.03.

19. Because the Mortgage does not have a maturity date, the deadline for lawfully commencing a mortgage was March 3, 2021, 15 years from the date of the mortgage.

20. NewRez is a residential mortgage servicer and debt collector attempting to recover an alleged debt from Palen in relation to the Mortgage that, pursuant to Minn. Stat. § 541.03, expired on March 4, 2021.

21. NewRez does not have policies or procedures in place for complying with Minn. Stat. § 541.03, or in the alternative, to the extent it has policies or procedures in place for complying with Minn. Stat. § 541.03, those policies or procedures are inadequate.

22. NewRez began servicing the Palen's Mortgage after it was in default.

23. Indeed, in correspondence dated March 14, 2020, NewRez noted a transfer of servicing effective March 16, 2020 and represented that Palen owed $23,122.51.

24. Between March 4, 2021 and the present, Palen has received repeated communications from NewRez predicated on the existence of a valid and enforceable mortgage lien or personal liability under the promissory note.

25. Evidencing as much are more recent communications sent to the Palen on November 16, 2023 and September 30, 2024. True and correct copies of these communications are appended hereto as Exhibits B and C.

26. The November 16, 2023 communication states as follows:

> Your account is seriously delinquent and needs immediate attention. Shellpoint Mortgage Servicing recently sent you a letter advising you of the lien we hold and requesting that you contact us. We have made attempts to reach you via phone or mail, yet your obligation has not been resolved.

> Please call us. . . to discuss our intentions regarding the lien we hold on the property referenced.

27. This statement was unfair, false, and misleading in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) as well as 15 U.S.C. §§ 1692f, 1692f(1) and 1692f(6).

28. As of March 4, 2021, the lien was unenforceable, could not be enforced, and need not be satisfied. *See* Minnesota Standards for Title Examinations, No. 25 (Authorizing a title examiner to disregard an unsatisfied mortgage or record, when 15 years have elapsed since its maturity, referring to § 541.03.)

29. Despite the fact that its lien was unenforceable and it could not pursue any remedies *in rem* on the basis of any lien, NewRez — in disregard of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) as well as 15 U.S.C. §§ 1692f, 1692f(1) and 1692f(6) — NewRez attempted to mislead Palen by intimating that it retained a valid mortgage lien and associated enforcement rights from an expired mortgage.

30. Moreover, although NewRez explicitly stated that it could not "bring a legal action to collect this debt or threaten to do so in the state of Minnesota because the statute of limitations has expired, it:

   (a) Misleadingly omitted that the statute of limitations had not only expired on the debt, but also with respect to enforcement of its mortgage lien;
   (b) Falsely represented that "if you do make a payment, we may later be able to bring an action to collect this debt in the state of Minnesota.

31. In fact, and as a matter of law — because the underlying mortgage debt was primarily for personal, family, or household purposes — Minn. Stat. § 541.053 explicitly provides to the contrary:

> Notwithstanding section 541.31, subdivision 1, actions upon an obligation arising out of a consumer debt primarily for personal, family, or household purposes shall be commenced within six years. After its expiration, the statute of limitations is not revived by the collection of a payment on an account, a discharge in a bankruptcy proceeding, or an oral or written reaffirmation of the debt.

32. The communications sent by NewRez were misleadingly labeled as "Secured Lien Reminder" or "Secured Lien Second Reminder" or "Secured Lien Settlement Opportunity."

33. In fact, as March 4, 2021 NewRez no longer retained an enforceable security interest in Palen's property.

34. As a direct and proximate result of NewRez's conduct, Palen repeatedly faced false representations attempting to mislead him into believing that NewRez maintained an interest in his property, would continue to do so until the mortgage was satisfied, that the purported lien interest could be enforced, and that he could be sued in the future on the debt.

35. Were that not injury enough, as a result of NewRez's conduct Palen has suffered emotional distress, loss of sleep, nausea, headaches, stress induced back pain and mental anguish.

# **FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE PUTATIVE CLASS**

36. Defendant intimated the right to foreclose or otherwise enforce mortgages that did not bear a maturity date, more than 15 years after the date of the Mortgage and that were therefore unenforceable.

37. The mortgages upon which NewRez made such false, misleading, and harassing misrepresentations, were a standard mortgage form.

38. The letters through which these false, misleading, and harassing misrepresentations were made were standard "Secured Lien" form letters.

39. Minnesota's statute of limitations on mortgage foreclosures provides that the limitation period runs from the date of the mortgage unless the maturity date is "clearly stated in such mortgage":

> Subd. 1. Limitation. No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage…
>
> Subd. 2. When time begins to run; commencement of proceedings. The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage.

Minn. Stat. § 541.03.

40. Because this Mortgage was prepared on a standard mortgage form, it is likely other homeowners have mortgage interests on their homes that have

8

expired and that NewRez is attempting to collect through the above described false and misleading statements.

41. Because Defendant NewRez regularly collects debts and forecloses on mortgages nationwide, it is likely that they have illegally induced payment from borrowers with similarly expired form mortgages or intend to induce payment from borrowers with similarly expired form mortgages by utilizing the above described false and misleading statements.

42. Discovery will show that Defendant NewRez sends correspondence identical or similar to the correspondence attached as Exhibits B and C, to mislead borrowers and to receive payment from borrowers fearful under the falsely induced belief that their property remains encumbered by an enforceable mortgage lien.

## **CLASS ALLEGATIONS**

43. Defendants conduct has impacted two (2) separate classes of persons.

44. The first class or "FDCPA Class" is defined as follows:

45. a class of similarly situated persons defined as (i) all consumers nationwide whose accounts were in default at the time NewRez began servicing their loans (ii) against whom Defendant misrepresented to those consumers that it held a valid and enforceable mortgage lien; (iii) after which the statute of limitations for foreclosure of the mortgage had run or the lien had expired; (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by

Defendant's or the creditors' records; and (v) allegedly due in relation to a home mortgage.

46. The class period begins one year before the date this case was filed and continues through the conclusion of this case for claims under 15 U.S.C. § 1692 et seq.

47. The second class or "MOSLA Class" is defined as follows:

48. a class of similarly situated persons defined as (i) all borrowers (ii) against whom NewRez misrepresented to those consumers that it held a valid and enforceable lien; (iii) for which the statute of limitations, set forth in Minn. Stat. § 541.03, for the mortgage foreclosure, had run.

49. The class period for the first class begins six years before the date this case was filed and continues through the conclusion of this case for claims under Minn. Stat. § 58.13

50. The class members are so numerous that joinder of all members is impracticable.

51. There are questions of law and fact, common to the classes, which predominate over any questions affecting only individual class members. The principal question is:

52. Whether NewRez's conduct violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) as well as 15 U.S.C. §§ 1692f(1) and 1692f(6).

53. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records or records of creditors.

54. Plaintiffs will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.

55. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiffs nor their counsel have any interest which might cause them not to vigorously pursue this claim.

56. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

57. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant has acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate to cease further and future illegal conduct.

60. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

# CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*
## AGAINST NEWREZ

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices because prior law was inadequate and is constructed "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

63. Palen is a consumer within the meaning of 15 U.S.C. § 1692a(3).

64. NewRez is a debt collector within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect debts and foreclose on any security interests arising out of those debts.

65. The statute of limitations had run for foreclosure of the Mortgage, and the Mortgage had expired.

66. Despite that, between March 4, 2021 and the present, Palen received repeated communications from NewRez predicated on the existence of a valid and enforceable mortgage lien or personal liability under the promissory note.

67. Evidencing as much are more recent communications sent to the Palen on November 16, 2023 and September 30, 2024. True and correct copies of these communications are appended hereto as Exhibits B and C.

68. The November 16, 2023 communication states as follows:

> Your account is seriously delinquent and needs immediate attention. Shellpoint Mortgage Servicing recently sent you a letter advising you of the lien we hold and requesting that you contact us. We have made attempts to reach you via phone or mail, yet your obligation has not been resolved.
>
> Please call us. . . to discuss our intentions regarding the lien we hold on the property referenced.

69. This statement was unfair, false, and misleading in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) as well as 15 U.S.C. §§ 1692f, 1692f(1) and 1692f(6).

70. As of March 4, 2021, the lien was unenforceable, could not be enforced, and need not be satisfied. *See* Minnesota Standards for Title Examinations, No. 25 (Authorizing a title examiner to disregard an unsatisfied mortgage or record, when 15 years have elapsed since its maturity, referring to § 541.03.)

71. Through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692 et seq.:

  a. Using false, deceptive, or misleading representations or means in collecting a debt, regarding the character and/or legal status of said debt. 15 U.S.C. § 1692e(2)(A);

b.  Using false, deceptive, or misleading representations or means in collecting a debt, including the threat to take action that cannot be legally taken. 15 U.S.C. § 1692e(5);

c.  Using false, deceptive, or misleading representations or means to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10);

d.  Using unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1);

e.  Using unfair or unconscionable means to collect or attempt to collect a debt, including taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is not present right to possession of the property claimed as collateral through an enforceable security interest or the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

f.  Using its written materials in a manner that was abusive, oppressive, and harassing conduct in violation of 15 U.S.C. §1692d.

72. As a result of each and every violation by Defendant of the FDCPA, Plaintiff is entitled to actual damages for emotional distress, statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III
## VIOLATIONS OF MINN. STAT. § 58.13
## AGAINST NEWREZ

73. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

74. NewRez is a residential mortgage servicer within the meaning of Minn. Stat. § 58.13.

75. Minn. Stat. § 58.13, subd. 1(a)(19) prohibits a residential mortgage originator or servicer from "making. . . directly or indirectly. . . any statement or representation relating to the business of residential mortgage loans that is false, deceptive, or misleading."

76. On May 4, 2021, the statute of limitations to enforce Palen's Mortgage ran and the mortgage lien was no longer enforceable.

77. Yet, Palen received repeated communications from NewRez predicated on the existence of a valid and enforceable mortgage lien and that misrepresented to those consumers that it held a valid and enforceable mortgage lien.

78. As set forth above, NewRez violated Minn. Stat. § 58.13, subd. 1(a)(19) by falsely, deceptively, or misleadingly representing to Palen that it held a valid and enforceable mortgage lien.

79.     By way of example, NewRez falsely, deceptively and misleadingly represented to Palen that the security instrument remains as a lien on the property unless and until the debt is voluntarily paid in full.

80.     Palen was injured by NewRez's violations of Chapter 58 and as a result has suffered emotional distress, loss of sleep, nausea, headaches, stress induced back pain and mental anguish.

81.     A borrower injured by a violation of Minn. Stat. § 58.13 also may bring an action under Minn. Stat. § 8.31.  A private right of action by a borrower under this chapter is in the public interest.

82.     As a result of NewRez's violations of Minn. Stat. § 58.13, pursuant to Minn. Stat. § 58.18, Plaintiffs are entitled to actual, incidental, and consequential damages against, statutory damages equal to the amount of all lender fees included in the amount of the principal of the residential mortgage loan, plus costs, disbursements, including the costs of investigation, attorney fees and other equitable relief as determined by the Court.

83.     Moreover, pursuant to Minn. Stat. § 8.31, Plaintiffs may recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court. The court may, as appropriate, enter a consent judgment or decree without the finding of illegality.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants as follows:

    a.    Certification of this action to proceed as a class action;

    b.    Appointing Plaintiff as a class representatives;

    c.    Appointing Plaintiff's counsel as class counsel;

    d.    Entry of the Declaratory Judgment finding Defendant's practices challenged herein violate the FDCPA;

    e.    Entry of an Order enjoining Defendant from engaging in such practices which violate the FDCPA;

    f.    For an award of statutory damages of $1,000.00 for each and every violation pursuant to 15 U.S.C. § 1692k(a)(2)(B) against NewRez;

    g.    For an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against NewRez;

    h.    For an award of actual damages under the FDCPA.

    i.    For its violations of Minn. Stat. § 58, an award to Plaintiff for actual, incidental, and consequential damages, statutory damages equal to the amount of all lender fees included in the amount of the principal of the residential mortgage loan, plus costs, disbursements, including the costs of investigation, attorney fees and other equitable relief as determined by the Court.

    j.    Pursuant to Minn. Stat. § 8.31, an award to Plaintiff for damages, together with costs and disbursements, including costs of investigation and

reasonable attorney's fees and other equitable relief as determined by the court.

k.      For such other and further relief as may be just and proper.

## TRIAL BY JURY

84. Plaintiff is entitled to, and hereby demands, a trial by jury. US Const. amend. VII; Fed. R. Civ. P. 38.

Dated this 25th day of May, 2023.

>   Respectfully submitted,
>
>   By: s/Christopher Wilcox
>   Carl E. Christensen (#350412)
>   Christopher Wilcox (#392536)
>   **CHRISTENSEN SAMPSEL PLLC**
>   305 North Fifth Ave., Ste. 375
>   Minneapolis, MN 55401
>   Ph: (612) 473-1200
>   Fax: (612) 823-4777
>   carl@christensensampsel.com
>   chris@christensensampsel.com
>
>   Thomas J. Lyons, Jr., Esq. (#249646)
>   **CONSUMER JUSTICE CENTER, P.A.**
>   367 Commerce Court
>   Vadnais Heights, MN 55127
>   Telephone: (651) 770-9707
>   Facsimile: (651) 704-0907
>   tommy@consumerjusticecenter.com
>
>   ***ATTORNEYS FOR PLAINTIFFS AND THE CLASS***