UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Daniel J. Palen, | Case. No. 24-CV-04216 (JMB/EMB) |
| Plaintiff, | |
| v. | **ORDER** |
| NewRez LLC, *doing business as* Shellpoint Mortgage Servicing, | |
| Defendant. | |

---

Carl E. Christensen and Christopher Wilcox, Christensen Sampsel PLLC, Minneapolis, MN, and Thomas J. Lyons Jr., Consumer Justice Center P.A., Vadnais Heights, MN, for Plaintiff Daniel J. Palen.

Karla M. Vehrs and Kathryn E. Wendt, Ballard Spahr LLP, Minneapolis, MN, for Defendant NewRez LLC.

---

This matter is before the Court on Defendant New Rez LLC's (NewRez) motion for judgment on the pleadings as to Plaintiff Daniel J. Palen's claims against it. (Doc. No. 19.) In his two-count Complaint, Palen alleges that NewRez's debt-collection communications violated the Fair Debt Collection Practices Act (FDCPA) and the Minnesota Mortgage Originator and Servicer Licensing Act (MOSLA). For the reasons explained below, the Court grants NewRez's motion and dismisses the action.

## BACKGROUND

In March 2006, Palen and his former spouse took out a home equity line of credit in the principal amount of $21,000.00. (Doc. No. 1 [hereinafter Compl.] ¶¶ 11–12.) Palen granted the lender a third mortgage on his home as security. (*Id.* ¶ 13; Doc. No. 1-1.)

1

NewRez is a residential mortgage servicer and debt collector. (Compl. ¶ 20.) NewRez began servicing Palen's mortgage in March 2020. (*Id.* ¶ 23.) At that time, according to documents sent by NewRez, Palen owed $23,122.51 on his loan. (*Id.*) On March 4, 2021, the statute of limitations on mortgage foreclosure actions under Minnesota law expired as to Palen's mortgage. (*Id.* ¶ 20.) Notwithstanding the expiration of the statute of limitations, NewRez continued to contact Palen seeking repayment on his loan. (*Id.* ¶¶ 24, 29.)

Palen's Complaint details two communications he received from NewRez. (*See* Doc. Nos. 1-2, 1-3.) These communications form the basis of his claims. On November 16, 2023, a letter from NewRez to Palen warned: "Your account is seriously delinquent and needs immediate attention. [. . .] Please call us . . . to discuss your intentions regarding the lien we hold on the property referenced." (Doc. No. 1-2.) Beneath the signature line, the letter contained the following disclaimer: "Please be advised that we cannot bring a legal action to collect this debt or threaten to do so in the state of Minnesota because the statute of limitations has expired. If you do make a payment, we may later be able to bring an action to collect this debt in the state of Minnesota because the payment may start a new statute of limitations." (*Id.*)

On September 30, 2024, NewRez again contacted Palen, this time via a letter titled "SETTLEMENT OPPORTUNITY." (Doc. No. 1-3.) In this letter, NewRez offered Palen a settlement offer to reduce his owed amount to $20,810.26, if paid in full. (*Id.*) This letter contained the same disclaimer below the signature line, acknowledging that the statute of limitations on foreclosure actions had expired, and that NewRez could not "bring a legal action to collect this debt or threaten to do so . . . ." (*Id.*)

2

NewRez has initiated no legal action to foreclose or otherwise collect on the debt it holds. NewRez agrees that the statute of limitations on foreclosure actions has expired, and that it has no legal right to enforce the mortgage via foreclosure. NewRez argues, however, that none of its communications to Palen constitute false or misleading statements in violation of the FDCPA or the MOSLA. Palen asserts that the expiration of the statute of limitations extinguished the lien altogether, and thus NewRez's references to the existence of a valid lien in its collection communications violate the FDCPA and the MOSLA.

## DISCUSSION

NewRez now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 19.) Because NewRez did not make false or misleading statements, the Court grants the motion to dismiss the FDCPA and MOSLA claims.

As a threshold matter, the Court notes that the standard for motions under Federal Rule of Civil Procedure 12(b)(6) also applies to motions for judgment on the pleadings brought under Rule 12(c): courts accept as true the facts alleged in the complaint and grant all reasonable inferences in favor of the nonmoving party. *E.g.*, *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts, however, need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555), and the allegations

3

must be sufficiently detailed to give the opposing party fair notice of the claims it will have to defend itself against, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

## I.     FDCPA CLAIM

Palen argues that NewRez made false and misleading statements in violation of the FDCPA when it stated that it held a valid lien on Palen's property, despite the expiration of the statute of limitations governing foreclosure actions. The Court concludes that NewRez continued to possess a valid lien, even after the expiration of the statute of limitations, and, therefore, it did not make false or misleading statements.

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[1] Congress enacted the FDCPA to halt "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute delineates examples of prohibited communications, including: falsely representing "the character, amount, or legal status of any debt"; threatening "to take any action that cannot legally be taken or that is not intended to be taken"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2), (5), (10).

---

[1] To be clear, plaintiffs must establish each of the following three elements to prevail on an FDCPA claim: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Kowouto v. Jellum Law, P.A.*, 672 F. Supp. 3d 699, 702 (D. Minn. 2023). The Parties agree that Palen has properly established the first two elements, and the only element at issue is whether NewRez made any "false, deceptive, or misleading representation" as prohibited by section 1692e.

Not all false or inaccurate statements by debt collectors are per se violations of the FDCPA. The false statement must be material in order to be actionable under the FDCPA. *See Hill v. Accts. Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) (adopting materiality standard in this Circuit). Statements are materially false if they would undermine a consumer's ability to make an intelligent choice. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009) (cited in *Hill*, 888 F.3d at 345–46). When assessing whether a statement is deceptive or misleading, courts evaluate the debt collection communications from the perspective of an unsophisticated consumer. *Klein v. Affiliated Grp., Inc.*, 994 F.3d 913, 917 (8th Cir. 2021) (citation omitted). This standard protects consumers "with below-average sophistication," but also contains "an objective element of reasonableness" that precludes liability based on far-reaching interpretations of collection communications. *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021) (citation modified).

Palen asserts that the expiration of the statute of limitations effectively invalidated NewRez's lien, rendering false or misleading the references that NewRez made to a valid lien in the November 16, 2023 letter (Doc. No. 1-2 (referencing "the lien we hold")) and September 30, 2024 letter (Doc. No. 1-3 ("[w]e recently informed you of the lien Shellpoint holds on the property listed above")). NewRez counters that while the statute of limitations prevents it from initiating any foreclosure actions, its lien remained valid. The Court declines to adopt Palen's characterization of the statute of limitations and agrees with NewRez for two reasons.

5

First, the text of the statutory provisions concerning the expiration of the statute of limitations for bringing a foreclosure action make no mention of lien extinguishment. Its heading concerns only foreclosure, and it merely sets the expiration date for foreclosure actions. *See* Minn. Stat. § 541.03. Absent a clear statement in the statutory text concerning the validity or extinguishment of the lien, this provision, without more, cannot support Palen's argument that equates the foreclosure remedy with lien validity.

Second, Palen has failed to direct the Court to any other binding legal authority beyond this statutory language that can support the argument that the expiration of the statute of limitations for foreclosure actions entirely extinguishes the underlying lien. Palen cites a handful of cases from the nineteenth century, but they are remote in time, and distinguishable from the facts on this matter in both subject matter and reasoning. *See Banning v. Sabin*, 45 Minn. 431, 436–37 (1891) (affirming lower court's determination that defendant was not entitled to the rights of a mortgagee in possession, partially on the grounds that the statute of limitations had expired prior to defendant taking possession); *Archambau v. Green*, 21 Minn. 520, 526 (1875) (evaluating substantial compliance with an indemnity agreement); *Burwell v. Tullis*, 12 Minn. 572, 575 (1867) (assessing rights of a judgment lienholder, not a mortgagee); *Ozmun v. Reynolds*, 11 Minn. 459, 472 (1866) (reasoning that "it does not follow that, because an action for the recovery of the debt is barred, the enforcement of the lien is also barred").

In contrast, many courts have refused to infer an extinguishment of a lien upon expiration of the limitations period for commencing a foreclosure action where the statute did not expressly provide for extinguishment or invalidation of the lien. *See, e.g., Garrison*

*v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1293 & n.17 (M.D. Fla. 2017) (crediting an argument that the expiration of the statute of limitation to bring a foreclosure action only affects the remedy for collecting—it "does not terminate a lien or extinguish a claim"). Indeed, in this Circuit, the weight of authority supports the proposition that the statute of limitations extinguishes the remedy of foreclosure, but not the property interest conferred by the lien. *E.g.*, *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001) ("As several cases have noted, a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available."); *Thomas v. Bennett*, 856 F.2d 1165, 1169 (8th Cir. 1988) (explaining that statutes of limitations do not extinguish underlying obligations); *State ex rel. Moser v. Kaml*, 233 N.W. 802, 804 (Minn. 1930) (reciting the general rule that "the statute of limitations affect[s] the remedy and not the right"). In particular, NewRez relies on statutory language recognizing the rights of junior lienholders that exist irrespective of the availability of a foreclosure lawsuit by those lien holders. *E.g.*, Minn. Stat. §§ 580.09 (recognizing that if a senior lienholder forecloses and sells the property, "the surplus, if any, shall be paid to the subsequent lienors, if any, in the order of their priority"); 580.10 (recognizing that junior lienholders have a statutory right to demand redemption where a sale of real estate results in a surplus of $100 or more); 580.24(a) (setting forth the right of junior creditors with a lien to "redeem, in the order of priority of their respective liens, within seven days after the time allowed the prior lienholder by paying the amount required under this section").[2] Thus the Court is persuaded by the

---

[2] The Court observes that this understanding of a lien as conferring a property right that is separate and distinct from a right to foreclose is also supported by the language of similar

balance of authorities to conclude that NewRez is correct: although the primary value of lien stems from the right of the lienholder to commence a foreclosure action, the limitations period for foreclosure actions is distinct from the validity of a lien and does not extinguish all property rights conveyed on a lienholder.

In light of this conclusion, then, the Court determines that NewRez's communications were not materially false or misleading. The references to an existing lien cannot constitute a false or misleading statement because the passage of the limitations period did not "eliminate the debt," *Freyermuth*, 248 F.3d at 771, or extinguish the remaining rights of the lienholder, *e.g.*, Minn. Stat. §§ 580.09, 580.10, 580.24. Additionally, the Court is satisfied that the two letters adequately informed Palen of the limitations of NewRez's ability to enforce its property rights. Both letters from NewRez attached to the Complaint contain the following disclaimer: "Please be advised that we

---

statutes that acknowledge the validity of a lien post-expiration of the limitations period for commencing a foreclosure action, absent express language extinguishing the lien. *See, e.g.*, Minn. Stat. §§ 514.661, subd. 7 (providing that the identified lien "is extinguished if an action to enforce the lien is not brought within 18 months after the date the lien statement is filed"); 514.42 (providing that the contemplated lien would continue "in force for 90 days thereafter, and no longer, unless within that period an action be commenced for its enforcement as provided"); 514.08, subd. 1 (providing that the lien in question "ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material, or machinery" unless certain actions are taken). Additionally, other state legislatures that have sought to provide that the expiration of the statute of limitations for foreclosure actions did extinguish the underlying mortgage lien, or could under some circumstances, set forth this process explicitly. *See, e.g.*, Okla. Stat. tit. 42, §§ 5 & 23 (providing that "[a] lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation," and clearly stating that a mortgage is included within this rule); N.Y. Real Prop. Acts. Law § 1501(4) (McKinney 2023) (setting forth a process by which mortgagors may commence an action to have the encumbrance removed once the statute of limitations on foreclosure has expired).

cannot bring legal action to collect this debt or threaten to do so . . . because the statute of limitations has expired." (Doc. No. 1-2 at 2; Doc. No. 1-3 at 3.) The Court is satisfied that this disclaimer was an accurate statement of the law and adequately informed Palen that NewRez had no ability to seek foreclosure in the event of continued nonpayment. The challenged communications, when read in their entirety, would not materially mislead a consumer with below-average sophistication. Thus, the Court concludes that Palen has failed to allege a violation of the FDCPA and grants NewRez's motion as to Count One.

## II.     MOSLA CLAIM

Count 2 raises a claim under the MOSLA, Minn. Stat. § 58.13, subd. 1(a)(19), which also prohibits residential mortgage servicers from making false, deceptive, or misleading statements in advertising. (Compl. ¶¶ 75, 78.) The Court concludes that the allegations in the Complaint cannot state a claim for a violation of MOSLA for two reasons. First, the Court's finding that NewRez's representations were not materially false or misleading, as noted above, necessarily compels the Court to conclude that NewRez did not violate MOSLA either. Second, the provisions of the MOSLA cited by Palen regulate advertisements, not communications generally, and there are no factual allegations that present or characterize NewRez's statements as advertisements. *See Winkler v. GMAC Mortg., LLC*, No. 12-CV-0046 (SRN/SER), 2012 WL 1883916, at *4 (D. Minn. May 22, 2012) ("As an initial matter, it is clear that subsection 1(a)(19) is directed to advertisements, and therefore does not apply.").[3] Therefore, the Court also dismisses

---

[3] Palen also makes reference to a potential claim under Minn. Stat. § 58.13, subd. 1(a)(9) in a footnote in its brief. (*See* Doc. No. 26 at 21 n.9.) The Complaint does not assert any

9

Count Two.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. NewRez LLC's motion for Judgment on the Pleadings (Doc. No. 19) is GRANTED;

2. Plaintiff Daniel J. Palen's Complaint (Doc. No. 1) is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 24, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

such claim, and this reference, without more and absent a well-developed argument, is insufficient to defeat the motion to dismiss. *See Falco Lime, Inc. v. Tide Towing Co.*, 29 F.3d 362, 367 n.7 (8th Cir. 1994) (declining to consider argument presented only in a footnote); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").